53 F.3d 347
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 George A. WIRZ, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7107.
 United States Court of Appeals, Federal Circuit.
 April 17, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss George A. Wirz's appeal for lack of jurisdiction. Wirz has not responded.
 
 
 2
 George Wirz is the son and executor of the estate of the late Gertrude Wirz. Gertrude and, until his death, her husband, William Wirz, received dependency and indemnity compensation benefits from 1944 until 1987 as the dependent parents of their two sons who were killed on active duty in World War II. After William's death in 1968, Gertrude also received death pension benefits from 1968 until 1984 as the widow of a veteran. In 1984, Gertrude was informed that her death pension benefits as a widow had been discontinued because her income exceeded the applicable limitations. In 1987, her death compensation benefits as a dependent parent were also terminated on the basis that it was reasonable that some portion of the corpus of her estate should be consumed for her maintenance.
 
 
 3
 Gertrude Wirz and, after her death, George Wirz claimed a continued entitlement to the accrued benefits on the ground that Gertrude's net worth was improperly assessed and should not have been a bar to the receipt of such benefits. The Board of Veterans Appeals concluded that her dependency was not established and that her income and net worth exceeded the applicable limitations for death pension benefits. The Court of Veterans Appeals summarily affirmed the Board's decision.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In his informal brief, Wirz argues that the Court of Veterans Appeals failed to apply the correct law to the facts of his case. He also contends that Gertrude Wirz's net worth was not properly calculated. As this court has no jurisdiction to conduct such inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.